# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:09cv421

| | |
|---|---|
| CENVEO CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| Vs. | ) ORDER |
| | ) |
| TOM BRENNAN, doing business as Cadnus.com, | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss Counts I, III, and IV of the Amended Complaint. Having considered such motion, reviewed the pleadings, and conducted a hearing, the court enters the following findings, conclusions, and Order.

## FINDINGS AND CONCLUSIONS

**I.   Background**

This action concerns a single email that defendant allegedly sent to one of plaintiff's employees in Hong Kong requesting sales and pricing information concerning plaintiff's products or services. According to the Amended Complaint, the problem with this email was that defendant purported to be "Erik Reese," and it was sent from the address ereese@cadnus.com., and plaintiff actually employs an "Erick Reese" whose email address is reesee@cadmus.com. Plaintiff alleges that defendant anonymously registered the domain name cadnus.com, which is similar to its domain of cadmus.com, and then used such similar domain name to create an email account in an attempt to secure trade secrets from plaintiff. Plaintiff has asserted the following causes of action based on such email:

(1)   False Designation of Origin Under the Lanham Act U.S.C. § 1125(a);

(2)   Cyberpiracy Prevention Under the Lanham Act 15 U.S.C. § 1125(d);

(3)   Unfair Competition Under the Lanham Act 15 U.S.C. § 1125(a); and

(4) Unfair and Deceptive Trade Practices Under North Carolina Law.

Defendant has moved to dismiss all but the Cyberpiracy claim in Count II.

## II. Discussion

### A. The Motion to Dismiss

As to the first claim, defendant contends that plaintiff has failed to allege how the alleged misrepresentation contained in the email was *related to a particular good, product or service* and therefore does not come within Section 1125(a) of the Lanham Act governing false designations of origin and false descriptions. As to the third claim, which is a claim for unfair competition under the Lanham Act, defendant contends that no such cause of action exists. See Lamparello v. Falwell, 420 F.3d 309, 312 n. 1 (4th Cir. 2005); Monoflo Int'l, Inc. v. Sahm, 726 F. Supp. 121 (E.D. Va. 1989). Defendant has also moved to dismiss the fourth claim, which is a supplemental claim under North Carolina's Unfair and Deceptive Trade Practices Act (hereinafter the "UDTPA"), contending that plaintiff has not alleged any actual injury or damages that flowed from the allegedly deceptive act of defendant. Such motion is ripe for disposition.

### B. Proposed Motion to Amend

At the hearing, counsel for plaintiff informed the court of an ongoing civil action in South Carolina which has uncovered information that may bear on the claims which defendant seeks to dismiss. Based on such discovery, plaintiff requested an opportunity to submit a Motion to File a Second Amended Complaint.

Based on the proffer of evidence at the hearing, the court will withhold decision on the pending Motion to Dismiss so that counsel for plaintiff and defendant may have an opportunity to either discuss amendment by consent under Rule 15 or other resolutions of this matter that might be appropriate. If the parties are not able to reach agreement, plaintiff will have until May 27, 2011, to file its Motion to File a Second Amended Complaint.

**ORDER**

**IT IS, THEREFORE, ORDERED** that consideration of defendant's Motion to Dismiss Counts I, III, and IV of the Amended Complaint (#11) is held in abeyance pending consideration of plaintiff's Motion to File a Second Amended Complaint. Plaintiff is granted leave to file a Motion to File a Second Amended Complaint not later than May 27, 2011.

Signed: May 9, 2011

Max O. Cogburn Jr.
United States District Judge